UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cr-72 |
| | ) | |
| JAMAL HALL | ) | |

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DENYING AMENDED § 2255 PETITION, AND
DENYING A CERTIFICATE OF APPEALABILITY**
(Docs. 43 & 53)

This matter came before the court for a review of the Magistrate Judge's December 9, 2022 Report and Recommendation ("R & R") (Doc. 53), in which the Magistrate Judge recommended that the court deny self-represented Defendant Jamal Hall's amended 28 U.S.C. § 2255 petition in which he seeks a reduction of his sentence of 84 months imprisonment imposed pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, based on his claims that the court erred in applying an offense base level enhancement for reckless endangerment during his flight from law enforcement and his further claim that his counsel was ineffective for failing to object to its application. (Doc. 43.) No party has filed an objection to the R & R, and the time period to do so has expired.

Plaintiff is self-represented. The government is represented by Assistant United States Attorney Andrew C. Gilman.

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal

conclusions of the magistrate judge as to those portions of a reports and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his seventeen-page R & R, the Magistrate Judge carefully reviewed the factual allegations, procedural history, and requests for relief set forth in Defendant's amended § 2255 petition and correctly recommended denial because Defendant's challenge to his sentence is procedurally barred, it would not constitute a miscarriage of justice to deny the petition, and he failed to demonstrate his attorney's representation was objectively unreasonable. *See* 28 U.S.C. § 2255(b); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court agrees with these well-reasoned conclusions and adopts them in full.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 53) as the court's Opinion and Order and DENIES Defendant's amended § 2255 petition. (Doc. 43.)

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 13th day of January, 2023.

Christina Reiss, District Judge
United States District Court